IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARTIN L. POINSETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CIV-21-1205-F |
| | ) |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, | ) |
| | ) |
| Defendant. | ) |

## ORDER

In this diversity action, plaintiff Martin L. Poinsett has sued defendant Life Insurance Company of North America (LINA), alleging claims of breach of contract and bad faith. LINA has filed a motion seeking judgment on the pleadings under Rule 12(c), Fed. R. Civ. P, with respect to plaintiff's bad faith claim. LINA has also moved to stay discovery pending the court's ruling on its Rule 12(c) motion. *See*, doc. no. 25. Plaintiff has responded to LINA's stay motion, opposing relief. *See*, doc. no. 28. No reply to plaintiff's response has been filed within the time prescribed by the court's Local Civil Rules. Upon review, the court finds that LINA's motion should be denied.

It is the general policy of this district that discovery is stayed until a motion made pursuant to Rule 12(b), Fed. R. Civ. P., is decided and all moving parties have answered or been dismissed from the case. *See*, LCvR26.3(a). Here, although LINA could have sought relief under Rule 12(b)(6), Fed. R. Civ. P, prior to answering, LINA did not. Rather, it answered the complaint and filed its Rule 12(c) motion.

Although not discussed, it appears that that LINA is seeking a protective order from discovery pursuant to Rule 26(c), Fed. R. Civ. P. That rule permits a party,

from whom discovery is sought, to move for a protective order. *Id*. However, a motion under Rule 26(c) must include "a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." LINA's motion does not contain any such certification.

Although the title of LINA's motion suggests that it only seeks to stay discovery on plaintiff's bad faith claim, it specifically asks the court to stay "all discovery on the Plaintiff's claims." Doc. no. 25, ECF p. 3. Clearly, LINA has not demonstrated good cause for staying discovery on all claims.

Even if the court were to construe LINA's motion as only seeking a stay limited to plaintiff's bad faith claim, LINA has not adequately shown that the discovery plaintiff seeks with respect to that claim would be oppressive or unduly burdensome on LINA. As a result, the court declines to exercise its discretion and stay discovery pending a ruling on LINA's 12(c) motion.

Accordingly, LINA's Motion to Stay Discovery on Plaintiff's Bad Faith Claim (doc. no. 25) is **DENIED**.

IT IS SO ORDERED this 23rd day of August, 2022.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-1205p007.docx